James S. Davis CALBAR NO.207963
Email: Jamesdee3080@msn.com
James S. Davis Attorney at Law
730 Broadway, Suite 102
Chula Vista CA 91910
(619) 934-4600
Of attorneys for plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DALLAS BUYERS CLUB, LLC**, a Texas Limited Liability Company,<br><br>           Plaintiff,<br>v.<br>**DOE-69.181.52.57**<br><br>           Defendant. | Case No.:  3:16-CV-01164-JSC<br><br>PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION TO EXPEDITE DISCOVERY<br><br><br>EXPEDITED RULING REQUESTED |

## I.   INTRODUCTION

Plaintiff Dallas Buyers Club, LLC is the registered copyright owner of the motion picture *Dallas Buyers Club*. The Doe defendant is a BitTorrent user, or "peer," whose computer is interconnected with others and used for illegally copying and distributing plaintiff's motion picture to others. Plaintiff is suing the Doe defendant for using the Internet, specifically the BitTorrent file distribution network, to commit copyright infringement.

As the defendant used the Internet to commit infringement, plaintiff only knows the defendant by his or her Internet Protocol ("IP") address, and the time of the infringement as stated in the compliant.  Based on pre-filing investigations, defendant's IP address was assigned by his or her Internet Service Provider ("ISP"), Comcast Cable. Comcast Cable generally uses an IP address to specifically identify each account which is assigned to a person using the Internet through Comcast Cable to transmit and receive data. Providing a similar purpose of an address to a house, namely it is the location to which Comcast Cable sends data requested and from which it receives data.  Publicly available data allows plaintiff to identify the specific ISP defendant used and other information such as the city or area associated with the IP address.  Publicly available data generally does not permit plaintiff to ascertain the identity of the subscriber or actual defendant.  But as Comcast Cable controls defendant's access to the Internet, so too does Comcast Cable have the records which tie the IP address used to infringe plaintiff's rights to a specific party who contracted with Comcast Cable for service. Without this information, plaintiff cannot ascertain the identity of the defendant nor pursue this lawsuit to protect its valuable copyrights.

Accordingly, plaintiff seeks leave to serve a Rule 45 subpoena on the Comcast Cable. Such a subpoena will be limited to the name and address of the individual/ individuals associated with the IP address named as defendant.  Any such information obtained will be used for protecting and enforcing plaintiff's rights as set forth in the Complaint filed in this case.

## II.  ARGUMENT

Federal Rule of Civil Procedure 26(d)(1) authorizes a court to permit discovery before the Rule 26(f) conference upon a showing of "good cause" for the party's need for expedited discovery.  *See, e.g., Renaud v. Gillick*, No. 06-1304, 2004 WL 98465, at *2-3 (W.D. Wash. Jan.

8, 2007) (analyzing the Ninth Circuit standard of "good cause" and cases permitting expedited discovery); *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 280 F.R.D. 273, 276 (N.D. Cal. 2002) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.")

In the Ninth Circuit, the Courts have held that when the defendants' identities are unknown at the time the complaint is filed, courts may grant plaintiffs leave to take early discovery to determine the defendants' identities unless it is clear that discovery wouldn't uncover the defendants' identities, or there were other grounds in which the complaint would be dismissed. 808 *Holdings LLC v. Collective of December 29, 2011 Sharing Hash,* No. 12-cv-0186 MMA, 2012 WL 1648838, *3(S.D. Cal. May 4, 2012) (quoting *Gillespie v. Civiletti,* 629 F.2d 637, 642(9th Cir. 1980)). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins. Co. v. Seescandy.com,* 185 F.R.D. 573, 578 (N.D. Cal. 1999) (citing *Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406, 430 n.24 (9th Cir. 1977)) However, it would be error to dismiss unnamed defendants given possibility that identity could be ascertained through early discovery. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999)

In the Ninth Circuit, when analyzing motions for early discovery district courts apply a three-factor test. *Columbia Ins.,* 185 F.R.D. at 578-80. First, the plaintiff must identify the missing party with sufficient specificity, such that the court can determine that the defendant is a real person or entity who could be sued in federal court. *Id.* at 578. Second, the plaintiff must identify all previous steps taken to identify the defendant to ensure that the plaintiff has made a good faith effort to identify the defendant. *Id.* at 579. Third, the plaintiff must establish its suit could withstand a motion to dismiss. *Id*. Finally, in plaintiff's request for early discovery,

plaintiff should state the reasons justifying the specific discovery request, and identify a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that discovery will lead to identifying information about the unidentified defendant. *Id.* at 580.

A.     **Identification of Missing Party**

First, it is highly likely plaintiff can identify the missing party with sufficient specificity as the missing party is the either the subscriber who contracted for use of the identified IP address, or based on the pervasive nature of observed conduct, a party likely known to the subscriber, as the plaintiff has observed substantial and persistent conduct associated with defendant's IP address. In the Ninth circuit, it has been determined that "a plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP address assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP address to a physical point of origin." *808 Holdings*, 2012 WL 1648838, at *4 (quoting *OpenMind Solutions, Inc. v. Does 1-39,* No. C-11-3311 MEJ, WL 4715200 (N.D. Cal. Oct. 7, 2011); *Pink Lotus Entm't, LLC v. Does 1-46,* No. C-11-02263 HRL, 2011 WL 2470986 (N.D. Cal June 21, 2011)).

In this matter, Plaintiff has used geolocation technology to trace the IP address corresponding to the Defendant, and provided a list of the dates and times of the infringing activity. (Exhibit 1) Plaintiff's data, also includes the city in which the IP address was located. The physical IP address is located in or about San Francisco, California, in the jurisdiction of this Court.

//

//

B.     Previous Attempts to Locate Defendant

Plaintiff has made a good faith effort to locate the Defendant. Plaintiff has been able to identify much about the defendant, namely who he or she uses as his or her ISP, Comcast Cable, where he or she is generally located, and what software he or she used to commit acts of infringement. (Ex. 1)  Plaintiff has no means to readily identify the Doe defendant as a named individual.  However, Comcast Cable has procedures for revealing the associated subscriber information which if not the defendant is likely to lead to the defendant, but requires a subpoena as a matter of course.

C.     Ability to Withstand a Motion to Dismiss

In order to establish copyright infringement, a plaintiff must show: (1) ownership of a valid copyrighted work, and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act. *Ellison v. Robertson,* 357 F.3d 1072, 1076 (9th Cir. 2004); 17 U.S.C. § 501(a).  In this matter, Plaintiff has alleged it owns the registered copyright of the movie *Dallas Buyer Club* and Defendant has copied and distributed this movie by use of the BitTorrent file distribution network. (ECF No. 1 at ¶ 4, 6, 12)  Plaintiff has also alleged that it did not permit or consent to Defendant's copying or distribution of this work.  (*Id.* at ¶ 35) These allegations satisfy the requirements of a prima facie claim for copyright infringement.

D.     Personal Jurisdiction

Plaintiff has the burden of establishing jurisdictional facts to support its claim. *See Columbia Ins. Co.,* 185 F.R.D. at 578.  Based on the investigation of this matter and the use of geolocation technology, the Defendant has been traced to San Francisco, California, as the physical location of the IP address.  (Ex. 1)  San Francisco, California, is the physical location of the IP address and is located within the jurisdiction of this Court.

E.   Venue

In copyright infringement actions, proper venue is in the district in which the defendant or his agent resides or may be found. *Brayton Purcell LLP v. Recordon & Recordon,* 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting 28 U.S.C. § 1400(a)). "The Ninth Circuit interprets this statutory provision to allow venue 'in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state.'" *Id.* In this action, venue is proper based on investigation and geolocation tracking of Defendant's IP address the physical location of a substantial part of the infringing acts occurred in or about San Francisco, California, located in the Northern District of California. (ECF No.1 at ¶ 3, 13; Ex. 1).

F.   Good Cause

Good cause to allow expedited discovery in this case clearly exists because the ISP used to commit the acts of copyright infringement is the only source that can supply the information necessary to identify the defendant. A further basis for good cause is that in a claim for copyright infringement there is a presumption of irreparable harm to the copyright owner. *See UMG Recordings, Inc. v. Doe*, 2008 WL 4104214 (N.D. Cal. 2008) (Finding good cause for expedited discovery exists in Internet infringement cases, where a plaintiff makes a prima facie showing of infringement, there is no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to the conference.)

If plaintiff is denied the ability to subpoena Comcast Cable, the identity of the infringer will remain hidden and defendant will be able to continue to freely infringe plaintiff's rights and commit other acts of theft with impunity. As such, it is clearly in the interest of preserving justice and order that this court should grant Plaintiff's motion. *Semitool, Inc.*, 280 F.R.D. at 276

("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party).

### III. EXPEDITED RELIEF IS PROPER

As per the other activity observed associated with the defendant's IP address, there is evidence the defendant is a prolific infringer that regularly and actively contributes to the BitTorrent piracy economy causing continuing harm not only to plaintiff but to the people of the State of California.  The acts of the defendant do not appear to be isolated or singular in occurrence.  Defendant's IP address has been regularly and persistently observed associated with the BitTorrent exchange of files.  (A record of such activity is available should the Court deem such properly filed.)  This activity is likely ongoing.  If the defendant is maintaining plaintiff's work in the shared folder connected to the BitTorrent network and permitting continued access throughout this time, the number of distributions of plaintiff's work that might be attributed to defendant would be countless.  However, it is the experience of counsel that parties generally promptly terminate infringing activity and further distribution as soon as they have notice of an actual suit pending and become aware that they have been caught.  As such, expedited relief is warranted such that notice may be provided as quickly as possible to at least limit further distribution and harm to plaintiff.

//
//
//
//
//
//

## IV. CONCLUSION

For the foregoing reasons, plaintiff respectfully requests the Court grant it's *Ex Parte* Motion for leave to take discovery prior to the Rule 26 conference and enter an order allowing plaintiff to subpoena records from Comcast Cable for the identity of the account holder assigned to the defendant's IP address and for such further reasonable discovery as may be needed.

DATED: March 10, 2016.

/s/James S. Davis
James S. Davis CALBAR NO.207963
Jamesdee3080@msn.com
619-934-4600
Of attorneys for the plaintiff