UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALLAS BUYERS CLUB LLC, | Case No. 16-cv-01164-JSC |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S EX PARTE MOTION TO TAKE EARLY DISCOVERY** |
| DOE-69.181.52.57, | |
| Defendant. | Re: Dkt. No. 5 |

Plaintiff Dallas Buyers Club LLC ("Plaintiff") owns the copyright for the motion picture *Dallas Buyers Club*. Plaintiff alleges that the Doe Defendant named here, using the IP address 69.181.52.57, infringed that copyright. Now pending before the Court is Plaintiff's ex parte motion to expedite discovery. (Dkt. No. 5.)[1] Specifically, Plaintiff has not been able to identify the individual associated with the IP address and seeks an order allowing it to subpoena third party Comcast Cable, the Doe Defendant's internet service provider, to learn the Doe Defendant's identity. The Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and, finding good cause, GRANTS the motion.

## BACKGROUND

Plaintiff owns the registered copyright for the motion picture *Dallas Buyers Club*. (Dkt. No. 1 ¶¶ 4, 6.) *Dallas Buyers Club* contains wholly original material that is copyrightable subject matter currently offered for sale in commerce. (*Id.* ¶¶ 8-9.)

The Doe Defendant, who uses Comcast Cable IP address 69.181.52.57, allegedly distributed, without Plaintiff's permission, a distinct copy of *Dallas Buyers Club* on 76 separate

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

occasions between January 29, 2016 and March 7, 2016.  (*Id.* ¶¶ 12-13, 15, 21 & Ex. 1.)  The Doe Defendant used the software μTorrent 3.4.5 on a peer-to-peer sharing network to distribute the motion picture.  (*Id.* ¶¶ 16, 27, 30.)  Through well-accepted geolocation technology, Plaintiff has traced each distribution associated with the Doe Defendant's IP address to the Northern District of California.  (*Id.* ¶ 14.)

Plaintiff has observed the Doe Defendant use the peer-to-peer network to exchange a large number of other copyrighted works.  (*Id.* ¶ 17.)  Plaintiff alleges that the consistency, volume, and titles of this observed activity indicates that the Doe Defendant is an identifiable and singular adult who likely is the primary subscriber to the IP address or is known to the subscriber, because the activity suggests that the Doe Defendant is an authorized user of the IP address with consistent and permissive access to it.  (*id.* ¶¶ 18-20.)

Plaintiff alleges on information and belief that Comcast Cable generally assigns an IP address to a single party for extended periods of time.  (*Id.* ¶ 21.)  It further alleges that Comcast Cable maintains records sufficient to identify the Doe Defendant or the subscriber who contracted with Comcast Cable and is likely to have knowledge that will help Plaintiff identify the Doe Defendant.  (*Id.* ¶ 22.)

Plaintiff filed the instant complaint against the Doe Defendant on March 9, 2016, alleging a single count of copyright infringement under the Copyright Act.  (*Id.* at 8-9.)  On March 10, 2016, Plaintiff filed an ex parte motion asking the court to issue an order allowing it to serve Comcast Cable with a subpoena under Federal Rule of Civil Procedure 45.  (Dkt. No. 5.)  The requested subpoena will be limited to the name and address of the individual or individuals associated with the IP address that the Doe Defendant uses, which Plaintiff needs to identify the Doe Defendant.  (*See id.*)

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(d)(1) requires a court order for discovery if it is requested prior to a Rule 26(f) conference between the parties.  *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order.").  In fashioning Rule 26(d) discovery orders, the district

United States District Court
Northern District of California

1   court wields broad discretion.  *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir.

2   2003).

3          Courts within the Ninth Circuit apply a "good cause" standard to determine whether to

4   permit such early discovery.  *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276

5   (N.D. Cal. 2002); *see also G.N. Iheaku & Co. v. Does 1-3*, No. C-14-02069 LB, 2014 WL

6   2759075, at *2 (N.D. Cal. June 17, 2014) (collecting cases).  "Good cause may be found where the

7   need for expedited discovery, in consideration of the administration of justice, outweighs the

8   prejudice of the responding party."  *Id.*

9          When the identities of defendants are not known before a complaint is filed, a plaintiff

10  "should be given an opportunity through discovery to identify the unknown defendants, unless it is

11  clear that discovery would not uncover the identities, or that the complaint would be dismissed on

12  other grounds."  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  To determine whether

13  there is "good cause" to permit expedited discovery to identify doe defendants, courts commonly

14  consider whether:

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

15

16

17

18

19

20  *OpenMind Solutions, Inc. v. Does 1-39*, No. 11-3311, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7,

21  2011) (citing *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 578-80 (N.D. Cal. 1999)).

**DISCUSSION**

23         Plaintiff has made a sufficient showing under all four factors to establish good cause for

24  expedited discovery.

25         Under the first factor, "the Court must examine whether the Plaintiff has identified the

26  Defendants with sufficient specificity, demonstrating that each Defendant is a real person or entity

27  who would be subjected to jurisdiction in this Court."  *Pac. Century Int'l, Ltd. v. Does 1-48*, No.

28  11-3823, 2011 WL 4725243, at *2 (N.D. Cal. Oct. 7, 2011).  Plaintiff has done so.  Specifically,

United States District Court
Northern District of California

3

United States District Court
Northern District of California

Plaintiff alleges that the Doe Defendant has distributed *Dallas Buyers Club* and a variety of other copyrighted works, and that the constituency of the activity, and the number and titles of the copyrightable works, suggests that the Doe Defendant is an identifiable and singular adult likely to be the primary subscriber of the IP addresses or someone who resides with or is known to the subscriber.  (Dkt. No. 1 ¶¶ 17, 19-20.)  Plaintiff has also used geolocation technology to trace the Doe Defendant's peer-to-peer sharing of the copyrighted works using the IP address to the Northern District of California, thus giving the Court jurisdiction over him and Plaintiff's federal copyright claim.  (*Id.* ¶ 14.)

Under the second factor, the party should identify all previous steps taken to locate the elusive defendant.  *Columbia Ins. Co.*, 185 F.R.D. at 579.  "This element is aimed at ensuring that plaintiffs make a good faith effort to comply with the requirements of service of process and specifically identifying defendants."  *Id.*  Here, Plaintiff has determined the Doe Defendant's Internet Service Provider (Comcast Cable), traced his or her IP address to a particular location (San Francisco), and identified the software that the Doe Defendant used to distribute *Dallas Buyers Club* (µTorrent 3.4.5).  (*Id.*¶¶ 14-16 & Ex. 1.)  The IP address alone is not sufficient for Plaintiff to identify the Doe Defendant, and Plaintiff has no other means to identify the Doe Defendant besides Comcast Cable's record.  (*See* Dkt. No. 5-1 at 5.)  Plaintiff has therefore satisfied the second element.

Under the third requirement, a plaintiff must establish to the court's satisfaction that the complaint can withstand a motion to dismiss.  *See Columbia Ins. Co.*, 185 F.R.D. at 579.  Plaintiff has done so.  To establish copyright infringement, a plaintiff must allege facts sufficient to establish two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.  *Feist Pub'n, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *see also Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007) (defining the two elements as (1) ownership of the infringed material and (2) that alleged infringers violated an exclusive right granted to the copyright holder) (citation omitted); 17 U.S.C. § 501(a).  Plaintiff has made this showing by alleging that it holds a valid copyright for *Dallas Buyers Club* and that the Doe Defendant distributed the motion picture without its permission.

United States District Court
Northern District of California

1  (Dkt. No. 1 ¶¶ 12-13, 15, 21 & Ex. 1.)  Moreover, Plaintiff has also alleged based on its

2  investigation and use of geolocation technology, that the Doe Defendant is located in San

3  Francisco (Dkt. No. 1 Ex. 1), which is enough at this juncture to assert personal jurisdiction over

4  the Doe Defendant and to conclude that venue lies in this District.  *See Brayton Purcell LLP v.*

5  *Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (noting that venue in a copyright

6  infringement action is proper in the district in which the defendant resides or may be found,

7  including any district where the defendant is subject to personal jurisdiction).  Thus, Plaintiff has

8  met the third element of good cause for expedited discovery.

9          The final factor concerns whether the discovery sought will uncover the identity of the Doe

10  Defendant.  *See Gillespie*, 629 F.2d at 642-43 (stating that early discovery to identify doe

11  defendants should be allowed "unless it is clear that discovery would not uncover the identities").

12  Plaintiff alleges on information and belief that Comcast Cable generally assigns an IP address to a

13  single party for extended periods of time and maintains records that identify each individual to

14  whom an IP address is assigned.  (*Id.* ¶ 21.)  Plaintiff further alleges that these records will either

15  identify the Doe Defendant or the subscriber who knows the Doe Defendant.  (*Id.* ¶¶ 21-22.)

16  Plaintiff has thus demonstrated that a subpoena on Comcast Cable should reveal the identity of the

17  Doe Defendant.

18          Ultimately, granting early discovery to permit Plaintiff to identify the Doe Defendant

19  appears to be the only way to advance this litigation.  *See UMG Recordings, Inc. v. Doe*, No. C

20  08-1193 SBA, 2008 WL 4104215, at *4 (N.D. Cal. Sept. 3, 2008) (citation omitted).   Moreover,

21  there is no prejudice to the Doe Defendant in granting the requested early discovery because it is

22  narrowly tailored to seek only their identity."  *Id.* (citations omitted).  Plaintiff has therefore met

23  its burden of establishing good cause for early discovery.

### CONCLUSION

25          For the reasons stated above, the Court GRANTS Plaintiff's motion for early discovery.

26  (Dkt. No. 5.)  Plaintiff shall file a proposed subpoena and proposed order consistent with Civil

27  Local Rule 7-2(c) by March 25, 2016.  Once the Court approves the subpoena, Plaintiff may serve

28  it on Comcast Cable.

1        This Order disposes of Docket No. 5.

2        **IT IS SO ORDERED.**

3   Dated: March 11, 2016

4

5                                                    _____
                                                     JACQUELINE SCOTT CORLEY
6                                                    United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

6