UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALLAS BUYERS CLUB LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DOE-69.181.52.57,<br><br>　　　　　Defendant. | Case No. 16-cv-01164-JSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO ISSUE SUBPOENA WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 27 |

Plaintiff Dallas Buyers Club LLC owns the copyright for the motion picture *Dallas Buyers Club*. Plaintiff alleges that the Doe Defendant named here using the IP address 69.181.52.57 infringed that copyright. Now pending before the Court is Plaintiff's motion for leave to issue a deposition subpoena, pursuant to Federal Rule of Civil Procedure 45, to Bu Li ("Li"), an individual located at 5 Fratessa Court, San Francisco, California 94134. (Dkt. No. 27.[1]) The Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and, finding Plaintiff has failed to establish good cause, DENIES WITHOUT PREJUDICE Plaintiff's motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(d)(1) requires a court order for discovery if it is requested prior to a Rule 26(f) conference between the parties. Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order."). In fashioning Rule 26(d) discovery orders, the district court wields broad discretion. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).

Courts within the Ninth Circuit apply a "good cause" standard to determine whether to

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

permit such early discovery. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *see also G.N. Iheaku & Co. v. Does 1-3*, No. C-14-02069 LB, 2014 WL 2759075, at *2 (N.D. Cal. June 17, 2014) (collecting cases). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice of the responding party." *Id.*

When the identities of defendants are not known before a complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). To determine whether there is "good cause" to permit expedited discovery to identify doe defendants, courts commonly consider whether:

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

*OpenMind Solutions, Inc. v. Does 1-39*, No. 11-3311, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011) (citing *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 578-80 (N.D. Cal. 1999)).

## DISCUSSION

Plaintiff has not provided sufficient facts for the Court to properly determine whether each of the four factors for "good cause" have been satisfied here. While Plaintiff has submitted a memorandum in support of its motion, the memorandum does not address any of the facts of this particular case—it provides absolutely no discussion of the IP address at issue, 69.181.52.57, the individual that Plaintiff seeks to depose, Bu Li, or the efforts Plaintiff took to communicate with Li before seeking a deposition. Indeed, aside from the case captions, Plaintiff's submitted memorandum is identical to the memorandum it submitted in at least two other cases pending in this District. *See Dallas Buyers Club LLC v. DOE-174.62.98.232*, No. 3:16-cv-01909-SK, Dkt. No. 19-1 (N.D. Cal.); *Dallas Buyers Club LLC v. DOE-73.170.32.155*, No. 5:16-cv-00859-HRL,

Dkt. No. 30-1 (N.D. Cal.). Accordingly, before the Court can rule on Plaintiff's request for additional early discovery in the form of a deposition subpoena to Li, Plaintiff must submit a new motion for leave to conduct early discovery that is (1) specific to the facts of this case and (2) properly supported by competent evidence under oath.[2]

## CONCLUSION

For the reasons stated above, the Court DENIES WITHOUT PREJUDICE Plaintiff's motion for leave to issue a Rule 45 deposition subpoena to Li. Plaintiff shall file a new motion for leave, addressing the specific facts and circumstances of this case, by August 18, 2016.

**IT IS SO ORDERED.**

Dated: August 11, 2016

                                                            *Jacqueline Scott Corley*
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[2] While Plaintiff has attached a declaration from counsel indicating that two letters, dated May 3, 2016 and May 10, 2016, were sent by mail to Bu Li, as well as copies of the two letters (*see* Dkt. No. 27-6 ¶ 6; Dkt. Nos. 27-4, 27-5), it is clear from Plaintiff's CMC statement that Plaintiff engaged in other communications with Li. (*See* Dkt. No. 25 at 2.) The CMC statement, however, was not submitted under penalty of perjury, as in a formal declaration.

3