UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALLAS BUYERS CLUB LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DOE-69.181.52.57,<br><br>　　　　Defendant. | Case No. 16-cv-01164-JSC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO ISSUE RULE 45 SUBPOENA FOR DEPOSITION**<br><br>Re: Dkt. No. 30 |

Plaintiff Dallas Buyers Club LLC owns the copyright for the motion picture *Dallas Buyers Club*. Plaintiff alleges that the Doe Defendant named here using the IP address 69.181.52.57 infringed that copyright. Now pending before the Court is Plaintiff's motion for leave to issue a deposition subpoena, pursuant to Federal Rule of Civil Procedure 45, to Bu Li ("Li") at 5 Fratessa Court, San Francisco, California 94134. (Dkt. No. 30.[1]) The Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and, finding good cause, GRANTS the motion and permits Plaintiff to subpoena and depose Li for the limited purpose of identifying the Doe Defendant.

## BACKGROUND

The Court previously discussed the factual background of this case in its order permitting Plaintiff to subpoena third party Comcast Cable and incorporates that discussion herein. (*See* Dkt. No. 7.) As a result of the Comcast subpoena, Plaintiff was able to identify the following subscriber as associated with IP address 69.181.52.57: Bu Li, 5 Fratessa Court, San Francisco, California 94134. (Dkt. No. 30-6 ¶ 6.) On May 3 and May 10, 2016, Plaintiff sent two letters to Li, providing Li with data relating to the alleged copyright infringement at IP address

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

69.181.52.57 and requesting Li's assistance in identifying the actual infringer. (*Id.* ¶ 7; Dkt. Nos. 30-4, 30-5.) Li responded by mail on May 16, 2016 and subsequently spoke with Plaintiff on the phone on June 8, 2016, indicating that he would help Plaintiff by answering some questions. (Dkt. No. 30-6 ¶¶ 8-9.) Plaintiff thereafter emailed Li with questions on June 9, 2016. (*Id.* ¶ 10.) On June 10, 2016, Li responded by email stating that he would provide as much information as possible. (*Id.* ¶ 11.) Plaintiff has since been unable to secure Li's cooperation (*id.* ¶ 12) and now moves the Court for permission to serve a deposition subpoena on Li. (Dkt. No. 30.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(d)(1) requires a court order for discovery if it is requested prior to a Rule 26(f) conference between the parties. Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order."). In fashioning Rule 26(d) discovery orders, the district court wields broad discretion. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).

Courts within the Ninth Circuit apply a "good cause" standard to determine whether to permit such early discovery. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *see also G.N. Iheaku & Co. v. Does 1-3*, No. C-14-02069 LB, 2014 WL 2759075, at *2 (N.D. Cal. June 17, 2014) (collecting cases). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice of the responding party." *Id.*

When the identities of defendants are not known before a complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). To determine whether there is "good cause" to permit expedited discovery to identify doe defendants, courts commonly consider whether:

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand

> a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

*OpenMind Solutions, Inc. v. Does 1-39*, No. 11-3311, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011) (citing *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 578-80 (N.D. Cal. 1999)).

## DISCUSSION

Plaintiff has made a sufficient showing under all four factors to establish good cause for additional early discovery in the form of a Rule 45 deposition subpoena to Li.

Under the first factor, "the Court must examine whether the Plaintiff has identified the Defendants with sufficient specificity, demonstrating that each Defendant is a real person or entity who would be subjected to jurisdiction in this Court." *Pac. Century Int'l, Ltd. v. Does 1-48*, No. 11-3823, 2011 WL 4725243, at *2 (N.D. Cal. Oct. 7, 2011). Plaintiff has done so. Specifically, by way of its subpoena to Comcast Cable, Plaintiff has identified the subscriber associated with Comcast IP address 69.181.52.57 as Bu Li, an individual residing in San Francisco, California. (Dkt. No. 30-6 ¶ 6.) San Francisco is in the Northern District of California and thus the Court has jurisdiction over Li (or another individual at Li's address) and Plaintiff's federal copyright claim.

Under the second factor, the party should identify all previous steps taken to locate the elusive defendant. *See Columbia Ins. Co.*, 185 F.R.D. at 579. "This element is aimed at ensuring that plaintiffs make a good faith effort to comply with the requirements of service of process and specifically identifying defendants." *Id.* Here, Plaintiff used information from its pre-suit investigation to subpoena Comcast and has since been able to identify the subscriber associated with Comcast IP address 69.181.52.57 as an individual (Bu Li) at a particular location in San Francisco (5 Fratessa Court). (Dkt. No. 30-6 ¶ 6.) Plaintiff has also engaged in efforts to work with Li to identify the actual infringer. (*Id.* ¶¶ 7-11.) Li, however, has been unresponsive since June 10, 2016. (*Id.* ¶ 12.) Absent additional information from Li, Plaintiff cannot identify the Doe Defendant for certain, as other individuals, besides Li, may reside at that location and/or make use of the IP address 69.181.52.57. Plaintiff has thus satisfied the second element.

Under the third requirement, a plaintiff must establish to the court's satisfaction that the complaint can withstand a motion to dismiss. *See Columbia Ins. Co.*, 185 F.R.D. at 579. Plaintiff

has done so. To establish copyright infringement, a plaintiff must allege facts sufficient to establish two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Pub'n, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *see also Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007) (defining the two elements as (1) ownership of the infringed material and (2) that alleged infringers violated an exclusive right granted to the copyright holder) (citation omitted); 17 U.S.C. § 501(a). Plaintiff has made this showing by alleging that it holds a valid copyright for *Dallas Buyers Club* and that the Doe Defendant distributed the motion picture without its permission. (Dkt. No. 1 ¶¶ 12-13, 15, 21 & Ex. 1.) Moreover, Plaintiff has also shown through its subpoena to Comcast that the Doe Defendant is located at a specific address in San Francisco, which is enough at this juncture to assert personal jurisdiction over the Doe Defendant and to conclude that venue lies in this District. *See Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (noting that venue in a copyright infringement action is proper in the district in which the defendant resides or may be found, including any district where the defendant is subject to personal jurisdiction). Thus, Plaintiff has met the third element of good cause for early discovery.

The final factor concerns whether the discovery sought will uncover the identity of the Doe Defendant. *See Gillespie*, 629 F.2d at 642-43 (stating that early discovery to identify doe defendants should be allowed "unless it is clear that discovery would not uncover the identities"). Again, Plaintiff has identified the individual and address associated with the Comcast IP address at issue. With this information, and based on prior experience, Plaintiff argues that the likely infringer will be either the subscriber himself or someone known to the subscriber that he can identify. (*See* Dkt. No. 30-1 at 15-16.) Plaintiff has demonstrated that a limited deposition of Li should reveal the identity of the Doe Defendant.

Ultimately, granting Plaintiff additional early discovery to identify the Doe Defendant appears to be the only way to advance this litigation. *See UMG Recordings, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008) (citation omitted). Moreover, there is no prejudice to the Doe Defendant in granting the requested early discovery because it "is narrowly tailored to seek only their identity." *Id.* (citations omitted). Plaintiff has therefore met

its burden of establishing good cause for early discovery.

**CONCLUSION**

For the reasons stated above, the Court GRANTS Plaintiff's motion for leave to issue a Rule 45 deposition subpoena to Li for the limited purpose of identifying the Doe Defendant in this case.  As done previously (*see* Dkt. No. 9), Plaintiff shall file a proposed subpoena and a proposed order regarding notice of the subpoena by August 17, 2016.  The proposed order shall include the following notice to Li regarding the availability of free legal assistance to pro se litigants:

> In responding to this subpoena, if you do not have an attorney, you are encouraged to seek free legal assistance from the Northern District's Pro Se Help Desk, United States Courthouse, San Francisco, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102, or the Help Desk at the Oakland Federal Courthouse, 1301 Clay Street, 4th Floor, Room 470S, Oakland, CA 94612.  Appointments can be made in person or by calling 415-782-8982.

Once the Court approves the subpoena and order, Plaintiff may serve both documents on Li.

This Order disposes of Docket No. 30.

**IT IS SO ORDERED.**

Dated: August 12, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge